## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LAURA WORTHAM, | ) | CASE NO. 5:08CV233 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AKRON PUBLIC SCHOOLS, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

On January 29, 2008, plaintiff *pro se* Laura Wortham filed the above-captioned complaint against her former employer Akron Public Schools, Pattie A. Tschantz, Michael Critchfield, Thomas Frame and Marcie Ryczek-Cain. Upon initial review, the Court determined that the complaint did not contain allegations which could be construed to set forth a valid federal claim for relief. An order was issued on February 14, 2008 directing Ms. Wortham to file an amended complaint within 15 days.

Ms. Wortham filed an amended complaint on March 7, 2008. (Doc. No. 5.) Within the amended pleading, plaintiff adopts and incorporates paragraphs 2 through 8 of her original complaint. (Doc. No. 1.) She claims the defendants discriminated against her based on her age and race. Asserting this Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. § 1983 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000d *et seq*., Ms. Wortham seeks reinstatement to her original position, as well as compensatory and punitive damages.

**BACKGROUND**

Ms. Wortham was employed by Akron Public Schools for thirteen years. On or about January 24, 2007 she was speaking in confidence with her "superior," defendant Thomas Frame. She confided in Mr. Frame that she was offended by the actions of defendant Marcie Ryczek-Cain, who was a friend of Mr. Frame's.  She claims:

> Marcie spoke with Mr. Frame about her attempts to intimidate me. Mr. Frame chose not to reprimand or correct me, but to carry this incident beyond reasonable corrective measure. Mr. Frame had the authority to give me a verbal or written reprimand, formal write-up, or even suspension.

(Doc. No. 1, ¶ 5.) It is plaintiff's belief "that because [her] statements were made about Mr. Frame's personal friend, Mr. Frames [sic] chose to use his authority to take extreme actions." When Ms. Wortham "sought the attention of Mr. Frame's superiors [her] issue was not given consideration, but was dismissed without full examination." (Doc. No. 1, ¶ 6.)

There is no description or explanation of Ms. Wortham's issue or what actions she engaged in with regard to Ms. Ryczek-Cain. She claims that her "actions were not menacing or threatening toward a staff member [and that,] [w]hile some disciplinary action may have been necessary, termination was extreme." (Doc. No. 1, ¶ 7.) She alleges that all of the defendants conspired to discriminate against her based on her age and race, creating such a hostile work environment that she felt compelled to submit a letter of resignation, "under the ill advisement of a union representative, which later on the plaintiff withdrew because at this point the plaintiff['s] resignation would not be considered." (Doc. No. 5, ¶ 3.)

It appears that Ms. Wortham's actions towards another employee motivated the defendants to terminate her employment. Although plaintiff alleges neither her race nor her age in

2

her original complaint or her amended complaint, she alleges that the reason proffered for her dismissal was pretextual, and that the defendants' "sole intent" was to replace her with an employee of a "different race and of younger age." (Doc. No. 5, ¶ 4.) She claims the defendants "intentionally, recklessly, or negligently aided defendant Thomas Frame in subjecting plaintiff to a racially offensive, intimidating, and hostile work environment," which led to her termination from employment with Akron Public Schools.

## AKRON PUBLIC SCHOOLS

Although given the opportunity to amend her complaint, plaintiff did not alter her designation of "Akron Public Schools" as one of the defendants.

> "[I]n legal actions involving the schools, it is the board of education which must be sued. *See* R.C. 3313.17. Moreover, an action against the board must be brought against it in its corporate capacity and not against the individual members of the board. *Halliday v. Marchington* (1932), 44 Ohio App. 132 [184 N.E. 698]."

*Carney v. Cleveland Heights-University Heights City School District*, 143 Ohio App.3d 415, 424, 758 N.E.2d 234, 241 (Ohio App. 2001) (quoting *Catchings v. Cleveland Public Schools*, (Apr. 1, 1982), Cuyahoga App. No. 43730, unreported, 1982 WL 5261). In *Catchings*, the court identified as "another ground for dismissal" the fact that the plaintiff had named "Cleveland Public Schools" rather than "Board of Education for the Cleveland Public School District" as a defendant. The *Catchings* court stated definitively: "The Cleveland Public Schools is not a legal entity which is capable of being sued." *Catchings*, 1982 WL 5261, at *3 (citing Ohio Rev. Code § 3313.17). The same holds true of the Akron Public Schools.

Plaintiff was allowed to amend her complaint and, although she is proceeding *pro se*, this Court need not provide endless opportunities for her to get her complaint right.

Accordingly, the complaint, as amended, is dismissed against Akron Public Schools because it is not *sui juris*.

### 42 U.S.C. § 1983

Even if plaintiff had properly named the Board of Education, which she failed to do, her claim under Section 1983 would have to be dismissed. As a rule, a political entity, such as a school board, cannot be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A school board can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the Board of Education, had it been properly named, which may have resulted in the deprivation of a federally protected right of the plaintiff.

### EMPLOYER LIABILITY -- TITLE VII

A majority of circuit courts, including the Sixth Circuit, have held that an employee/supervisor, who does not otherwise qualify as an "employer," cannot be held individually liable under Title VII and similar statutory schemes. *See Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995) (holding that "individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII");*Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997) (finding that individual liability is prohibited under Title VII); *E.E.O.C. v. AIC Security*

4

*Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir.1995)(holding that "individuals who do not otherwise meet the statutory definition of 'employer' cannot be held liable under the ADA"); *Lenhardt v. Basic Institute of Tech. Inc*., 55 F.3d 377, 381 (8th Cir.1995) (finding that supervisors and managers are not subject to individual liability); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C.Cir.), *cert. denied*, 516 U.S. 1011(1995) (holding that Title VII does not impose individual liability on supervisory employees). Therefore, Ms. Wortham cannot maintain any Title VII claim against Pattie A. Tschantz, Michael Critchfield, Thomas Frame or Marcie Ryczek-Cain.[1]

### CONCLUSION

For all the foregoing reasons, Ms. Wortham's complaint, as amended, is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: March 20, 2008

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1]Even if the Board of Education had been properly named, which it was not, the complaint would fail to state a claim under Title VII because, although plaintiff alleged in the amended complaint that she was terminated due to age and race, this claim is contradicted by the allegation that she was fired by Mr. Frame because plaintiff had criticized one of his friends. There are simply *no* allegations supporting a claim of age or race discrimination. Plaintiff does not even allege what age or race she is, much less any facts, from a notice pleading standpoint, that would support a claim of age and/or race discrimination.